IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| INTERNATIONAL GOLDEN FOODS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MASAD TRADING, LLC, <br><br> Defendant. | CIVIL ACTION NO. |

## COMPLAINT

Plaintiff, International Golden Foods, Inc. ("Golden Foods"), files this complaint against Masad Trading, LLC ("Masad") for violations of the Lanham Act, passing off product as imported by Golden Foods when, in fact, Golden Foods did *not* import Masad's product.

The product that Masad falsely designated is called tahini, which is, among other things, a Middle Eastern condiment.

Golden Foods seeks a money judgment recovering from Masad all ill-gotten profits and reimbursing Golden Foods all costs and attorney's fees arising from Masad's Lanham Act violations. Golden Foods also seeks a judgment recalling all falsely designated product and prohibiting Masad from all future violations of the Lanham Act.

1

*Jurisdiction*

1. This Court has original jurisdiction under 15 U.S.C. § 1121(a).

*Parties*

2. Golden Foods is an Illinois corporation, with its principal place of business in Bensenville, Illinois.

3. Masad is an Illinois limited liability company, with its principal place of business located in Orland Park, Illinois.

*Venue*

4. Venue is proper in this Court under 28 U.S.C. § 1391.

*Background*

5. Tahini is made from sesame seeds soaked in water and then crushed to separate the bran from the kernels. The crushed seeds are soaked in salt water, causing the bran to sink. The floating kernels are skimmed off the surface, toasted, and ground to produce an oily paste.

6. Because of tahini's high oil content, some importers refrigerate the product to prevent spoilage. Others do not refrigerate, because refrigerated tahini is more viscous and more difficult to serve.

7. The storage and handling of tahini varies among importers.

8. Golden Foods has imported tahini and sold tahini in the United States since 1986.

9. Masad has sold tahini in the United States with the false designation of origin appearing immediately on the next page:



This line points at the false designation, stating that the Masad tahini is imported by Golden Foods.

10. Golden Foods investigated and could not determine the extent of Masad's distribution and sale of the falsely designated tahini.

11. Golden Foods requested that Masad disclose the extent of Masad's distribution and sale of the falsely designated tahini. Masad refused.

*Sole Count: Lanham Act Violation*

12. The Lanham Act provides in pertinent part as follows: "Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely

to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act." 15 U.S.C. § 1125(a).

13. As set out in 15 U.S.C. § 1125(a), a violation of the Lanham Act is established upon proof only of the following.

14. First, that the defendant used in connection with goods or services a false designation of origin or false description or representation. In this case, Masad falsely designated Golden Foods as the importer of tahini.

15. Second, that the defendant caused such goods and services to enter into commerce. Here, Masad caused the falsely designated tahini to enter commerce, as shown above in paragraph 9.

16. Third, that the plaintiff is a person "who believes that he or she is likely to be damaged as a result thereof." Here, Golden Foods has been damaged by Masad's Lanham Act violation in several ways, some of which are alleged here. Golden Foods' reputation as a skilled importer of tahini is at risk if Masad falsely designates Golden Foods as the importer of inferior product. Furthermore, Masad has wrongfully traded on Golden Foods' good will, developed over the last 35 years.

*Willful Violation*

17. Masad knowingly falsely designated the origin of the tahini. Furthermore, Golden Foods requested Masad's voluntary reimbursement of damages and mitigation, but Masad refused. Golden Foods alleges that Masad's violation is "exceptional."

18. Based on Masad's violation, Golden Foods is entitled to (i) Masad's profits, (ii) any damages sustained by Golden Foods, and (iii) the costs of the action.

19. Golden Foods is also entitled to be reimbursed its attorney's fees.

*Prayer for Relief*

Based on the allegations above, Golden Foods requests a judgment in favor of Golden Foods and against Masad as follows:

(a) Granting Golden Foods money damages to the maximum extent;

(b) Granting Golden Foods injunctive relief;

(c) Granting Golden Foods attorney's fees and costs;

(d) Awarding Golden Foods such other further relief that the Court holds to be supported by the evidence.

*Jury Demand*

Golden Foods demands a trial by jury on all issues so triable.


Date:  September 23, 2022                             /s/Matthew Wawrzyn

Matthew M. Wawrzyn (ARDC#6276135)
matt@wawrzynllc.com
WAWRZYN LLC
200 East Randolph Street, Suite 5100
Chicago, IL 60601
(312) 235-3120 (telephone)
(312) 233-0063 (facsimile)

*Counsel for International Golden Foods, Inc.*